UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------
                                      )
IN RE:                                )       CASE NO. 09-22124 (ASD)
                                      )
BONNIE RUBENSTEIN,                    )       CHAPTER 7
                                      )
            DEBTOR.                   )
-------------------------------------------------------
                                      )       ADV. PRO. NO. 09-02056
ASSELIN-CONNOLLY, LLC,                )
                                      )       RE: ECF NO. 43
            PLAINTIFF                 )
                                      )
v.                                    )
                                      )
BONNIE RUBENSTEIN,                    )
                                      )
            DEFENDANT                 )
-------------------------------------------------------
```

<u>APPEARANCES</u>:

Anthony S. Novak, Esq.                          Attorney for Plaintiff
Lobo & Novak, LLP
280 Adams Street
Manchester, Connecticut 06042-1975

David F. Falvey, Esq.                           Attorney for Debtor
Action Advocacy Law Office
500 Bridge Street
Groton, Connecticut 06340


**MEMORANDUM OF DECISION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND PLAINTIFF'S CLAIMS
OF NON-DISCHARGEABILITY TO STATE COURT**


ALBERT S. DABROWSKI, United States Bankruptcy Judge

# I.  INTRODUCTION

Presently before the Court is the motion of the Plaintiff, Asselin-Connolly, LLC (hereafter, the "Plaintiff") to remand to the Superior Court of the State of Connecticut its claims of non-dischargeability of certain guardian ad litem fees owed by the Debtor, Bonnie Rubenstein (hereafter, the "Debtor").  *See Motion to Remand the Plaintiff's Claims of Non-Dischargeability Against Debtor Bonnie Rubenstein to State Court* (hereafter, the "Motion"), ECF No. 43.[1]  The Plaintiff seeks a remand of this proceeding to the State Court and/or abstention by this Court pursuant to 28 U.S.C. §1334(c), 28 U.S.C. §1452(b), 11 U.S.C. §305, and 11 U.S.C. §105.  For the reasons stated hereafter, the Court declines to exercise its discretion to remand or abstain, and retains jurisdiction over the single issue at the heart of this adversary proceeding – whether guardian ad litem fees are a "domestic support obligation" as defined by the Bankruptcy Code[2] and therefore non-dischargeable under §523(a)(5) – an issue of federal law particularly amenable to a determination by this Court.  Accordingly, the Plaintiff's Motion shall be **DENIED**.

# II.  JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant matter by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A) &

---

[1]The Motion was accompanied by 110 pages of Exhibits (A – L).

[2]11 U.S.C. §101(14A) (2008).

(l).

## III.  PROCEDURAL AND FACTUAL BACKGROUND

The record reflects that since 1997, the Debtor and her former spouse, Jeffrey Rubenstein, have been involved in protracted litigation in the Superior Court for the State of Connecticut, Judicial District of New London (heretofore and hereafter, the "State Court"), in a family matter captioned *Jeffrey Rubenstein v. Bonnie Rubenstein* (hereafter, the "State Court Action"), Docket No. FA-96-4108659, concerning, *inter alia*, their marital dissolution.   In connection with the State Court Action and pursuant to Connecticut General Statutes §45a-132, the State Court appointed Susan Asselin-Connolly, a member of the Plaintiff Law Firm, as guardian ad litem (hereafter, "GAL") of Bonnie Rubenstein's minor child in or around October 1997.  The Plaintiff[3] represented both in her Motion and orally before this Court that since January 1, 2000, she has expended over $80,000.00 in performing her duties as GAL in the State Court Action.  See Motion, Exh. B, "Interlocutory Orders on Fees . . . of the Guardian Ad Litem," at p. 6; *Plaintiff's Supplement to Motion to Remand . . .* , (hereafter, the "Motion Supplement"), ECF No. 54, at p. 5.

Jeffrey Rubenstein commenced a bankruptcy case, Docket No. 05-34257, by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on August 26, 2005.  In the bankruptcy case of Mr. Rubenstein, the undersigned judge granted the same GAL, Ms. Asselin-Connolly, relief from the automatic stay of Section 362(a) to prosecute the *amount, apportionment, and dischargeability* of the GAL fees in State Court.  In granting relief from stay therein, the undersigned judge recognized that the State Court was the proper forum

---

[3]"Plaintiff" as used hereafter may also refer to Susan Asselin-Connolly.

for adjudication of the multitude of issues present at the time.[4]

The Debtor concedes that the State Court Judge, Boland, J., determined reasonable GAL fees and costs in the amount of $77,208.30, and responsibility to pay the GAL fees, allocating one-third to the Debtor's former spouse, Jeffrey Rubenstein, and two-thirds to the Debtor.  See *Objection to Plaintiff's Motion to Remand . . .* (hereafter, the "Objection"), ECF No. 47, ¶ 3; Motion, Exhs. B, E, G & H.[5]

On July 29, 2009, the Debtor commenced the instant bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code. She received her discharge on November 2, 2009.  On October 8, 2009, the Plaintiff commenced the instant adversary proceeding by filing a complaint against the Debtor seeking a determination of nondischargeability of debt related to her GAL fees pursuant to Bankruptcy Code Section 523(a)(5), which excepts from discharge debts arising from a "domestic support obligation."  *See* 11 U.S.C. § 523(a)(5); 11 U.S.C. § 101(14A).

Notwithstanding that the Plaintiff commenced the instant adversary proceeding in this Court and failed to initially request relief from the automatic stay to pursue the matter in the State Court as she did previously in the bankruptcy case of Mr. Rubenstein, the Plaintiff now seeks to have this Court remand the determination of nondischargeability of the GAL fees to the State Court.  As the statutory basis for the authority of this Court to

---

[4]Specifically, the undersigned judge observed, *inter alia*, that "it presently appears that the interest of judicial economy will be better served by a Superior Court determination of [dischargeability]. Whereas the Superior Court plainly has jurisdiction to determine [the] validity and extent of the relevant fees together with their dischargeability against a background of facts arising from prior Superior Court proceedings, this Court only enjoys jurisdiction to determine dischargeability."  *Order Granting Relief from Automatic Stay*, dated October 13, 2005, Case No. 05-34257, ECF No. 22.

[5]The State Court resolved the dischargeability issue related to GAL fees owed by Jeffrey Rubenstein by its approval of a stipulation between the relevant parties.

remand or abstain, the Plaintiff, in her Motion and Motion Supplement, relies upon 28

U.S.C. §§ 1334(c) and 1452(b), as well as 11 U.S.C. §§ 305 and 105.  The Debtor filed her

Objection on April 7, 2010, urging this Court to retain jurisdiction over whether the GAL

fees at issue are non-dischargeable under Bankruptcy Code §523(a)(5).

## IV.  DISCUSSION

The Court will address separately each statutory basis upon which the Plaintiff

relies.

## A.  Abstention Under 28 U.S.C. §1334(c)

The Plaintiff first urges this Court to abstain from hearing the issue of non-

dischargeability pursuant to 28 U.S.C. §1334(c), which provides:

(1)  Except with respect to a case under chapter 15 of title 11, nothing in this
     section prevents a district court in the interest of justice, or in the interest
     of comity with State courts or respect for State law, from abstaining from
     hearing a particular proceeding arising under title 11 or arising in or related
     to a case under title 11.

(2)  Upon timely motion of a party in a proceeding based upon a State law claim
     or State law cause of action, related to a case under title 11 but not arising
     under title 11 or arising in a case under title 11, with respect to which an
     action could not have been commenced in a court of the United States
     absent jurisdiction under this section, the district court shall abstain from
     hearing such proceeding if an action is commenced, and can be timely
     adjudicated, in a State forum of appropriate jurisdiction.

11 U.S.C. §1334(c)(1),(2) (2008).

Two types of abstention are implicated by this statute - permissive or discretionary

abstention under Section 1334(c)(1), and mandatory abstention under Section 1334(c)(2).

The instant nondischargeability proceeding is a core proceeding pursuant to 28 U.S.C.

§157(b)(2)(I).  In addition, "[t]he determination of whether to abstain is a core proceeding,

pursuant to 28 U.S.C.A. § 157(b)(2)(A)," *In re Best Reception Systems, Inc.*, 220 B.R. 932, 941 (Bankr. E.D.Tenn. 1998). Because "abstention is only mandated with respect to non-core matters," *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 708 (2d Cir. 1995)(citation omitted), mandatory abstention under Section 1334(c)(2) is inapplicable to the present matter. "When a district court abstains from hearing cases involving 'core' proceedings, the abstention decision can only be made pursuant to § 1334(c)(1), which leaves abstention to the district judge's discretion." *Id.*

While the parties agree that both bankruptcy courts and the state courts enjoy concurrent jurisdiction over dischargeability under §523(a)(5), the matter is presently before this Court, and concerns a single issue of federal law, an issue which appears to turn upon only one of the four elements comprising a domestic support obligation under 11 U.S.C. § 101(14A).[6] As a threshold matter, "there is a presumption in favor of the exercise of federal jurisdiction and against abstention." *Rahl v. Bande*, 316 B.R. 127, 135 (S.D.N.Y. 2004)(citing *Woodford v. Cmty. Action Agency, Greene County*, 239 F.3d 517, 522 (2d Cir.2001)). Abstention is an "extraordinary and narrow exception[ ] to a federal court's duty to exercise its jurisdiction." *In re Joint Eastern and Southern District Asbestos Litigation*, 78 F.3d 764, 775 (2d Cir.1996)(quoting *Colorado Riber Water Conservation*

---

[6]Under section 523(a)(5), a debt is non-dischargeable if it arises from a "domestic support obligation." Section 101(14A) defines four criteria necessary for a debt to be a domestic support obligation. For the present purposes, a debt meets that criteria if it is (A) "owed to or recoverable by . . . a child of the debtor," (B) "in the nature of alimony, maintenance, or support . . . of such . . . child of the debtor," (C) "established . . . by reason of . . . an order of a court of record," and (D) "not assigned to a nongovernmental entity . . .." 11 U.S.C. §101(14A) (2008). The Debtor stipulates that the State Court orders to pay the GAL fees satisfy the second and third elements, and the record does not reflect any assignment of the GAL fees, leaving what presently appears to be only the first element in issue: whether the fees owed to a court-appointed guardian ad litem are fees "owed to or recoverable by . . . a child of the debtor."

*District v. U.S.*, 424 U.S. 800, 813, 96 S.Ct. 1236 (1976).

In determining whether permissive abstention is proper, bankruptcy courts may consider, but need not apply in every instance, a number of factors. *See In re Horowitz*, 2010 WL 814103 at *4 (Bankr. E.D.N.Y, March 1, 2010). These factors include[7]:

> (1) whether issues of state law predominate; (2) whether judicial economy would be served by abstention or equitable remand; (3) whether § 1334(b) is the sole basis for exercising federal jurisdiction; (4) whether the proceeding involves non-debtors; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; and (6) the likelihood that the proceeding was commenced in a particular forum because of forum shopping  on the part of one of the parties.

*Master-Halco, Inc. v. D'Angelo*, 351 B.R. 267, 272 (D.Conn. 2006) (quoting *Rahl v. Bande*, 316 B.R. at 135).

The decision to exercise discretionary abstention ultimately "turns on whether the administration of the bankruptcy case would be served best by that procedure." *In re Raytech Corp.*, 238 B.R. 241, 244 (Bankr. D.Conn. 1999) (citing *In re Texaco*, 77 B.R. 433, 438 (Bankr. S.D.N.Y.1987)).  "Permissive abstention from core proceedings under 28 U.S.C. § 1334(c)(1) is left to the bankruptcy court's discretion" after considering one or more of the relevant factors. *In re Petrie Retail, Inc.,* 304 F.3d 223, 232 (2d Cir. 2002) (citing *In re S.G. Phillips Constructors., Inc.*, 45 F.3d at 708).

---

[7]The Plaintiff lists additional factors which courts sometimes consider, including the effect upon the administration of the estate, the difficulty of applicable state law, and the burden on the Court's docket.  Motion Supplement at 2-3.  Given that the Debtor has already received her discharge, there is no estate left to administer regardless of which court determines the dischargeability issue, which appears to be a narrow issue of federal law implicating facts that the bankruptcy court is capable of determining either at a hearing or based upon the record.  Although retaining jurisdiction to determine the dischargeability issue will burden this Court's docket, it is not an undue burden to rule upon a narrow issue, and the burden would appear to be greater on the State Court docket since that court deferred the issue of dischargeability to the bankruptcy court. *See* Part IV, A, 2, *infra*.

## 1. Whether issues of state law predominate.

The Debtor, her former spouse, and the Plaintiff as GAL have been involved in the underlying State Court Action for nearly fourteen years.  As such, it would initially appear that issues of state law predominate the matter presently before this Court.  However, the State Court has already determined the amount of fees to which the Plaintiff as GAL is entitled, as well as the apportionment of the obligation to pay those fees between the Debtor and her former spouse.  Both issues, if undetermined, would weigh in favor of the State Court deciding those issues in conjunction with dischargeability, just as the State Court was tasked with those issues in the case of the Debtor's former spouse.  In contrast, the present Debtor "expressly stipulates and will not and does not contest the reasonableness of or allocation of the GAL fees in this proceeding."  Objection at 4. Therefore, the sole remaining issue is whether those GAL fees are non-dischargeable pursuant to Bankruptcy Code §523(a)(5), which is further limited by stipulation to the principle issue of whether the GAL fees are "owed to or recoverable by . . . a child of the debtor."  *See* fn. 6, *supra*.

While issues of state law were in play at one time, issues of state law are no longer relevant to, and certainly do not *predominate,* the present proceeding. Therefore, this factor weighs heavily in favor of the Court declining to exercise its discretion to abstain.

## 2. Whether judicial economy would be served by abstention.

Both the State Court and this Court are equally capable of exercising their concurrent jurisdiction over the issue of non-dischargeability. At least one court very recently abstained from deciding whether GAL fees were non-dischargeable *until* the State

Court determined the amount of such fees and the apportionment of fees between the Debtor and his former partner. *See In re Kassicieh*, 425 B.R. 467 (Bankr. S.D.Ohio 2010). However, in the present matter, as already noted, the State Court has already determined the amount and apportionment of GAL fees. More significantly, Judge Boland stayed any further proceedings in the State Court Action regarding any modification to or payment of GAL fees pending a determination by this Court of the nondischargeability issue. Judge Boland, in his own words, "kicked the bucket" of nondischargeability to this Court, see Objection at 8; Motion, Exh. I (Transcript of State Court proceedings of January 11, 2010), at 7, and clearly expected and desired that this Court address the dischargeability question, stating:

> "The Court: . . . Now, as to the guardian ad litem and attorney for the child's fees, I'll put a stay on the payments by Ms. Rubenstein and on the collection efforts of the two counsel with the understanding that [a motion to modify] is going to be revisited *when the bankruptcy court has ruled on the question of discharge* . . . Okay?
> Mr. Asselin-Connolly:[8] *Perfect, Your Honor. It's most efficient.*
> The Court: As far as the discovery goes, what do you have in mind?
> Mr. Asselin-Connolly: What I would suggest, if Your Honor please, is that there's  no point in putting Ms. Rubenstein through that until we get to federal bankruptcy.
> The Court: *So, we'll wait until the bankruptcy question has been ruled upon . . . .*"

*Id*. at 21-22 (emphasis added; footnote added).

Under these circumstances, judicial economy is best served by avoiding the further delay and inefficiencies that would attend this Court abstaining and returning the dischargeability issue to the State Court for its determination. Indeed, in light of Judge

---

[8]Mr. Asselin-Connolly represented Ms. Asselin-Connolly during this State Court hearing.

Boland's expectation and deference to this Court on the dischargeability issue, and the

Plaintiff's express acknowledgment that such a deferral was "perfect" and "most efficient,"

considerations of comity, respect for state court determinations, and judicial economy not

only heavily favor this Court declining to exercise discretion to abstain, but arguably

compel that determination.

### 3.  Whether §1334(b) is the sole basis for exercising jurisdiction.

As previously indicated, this Court enjoys concurrent jurisdiction with the State

Court on the issue of non-dischargeability.  This Court's jurisdiction is based upon 28

U.S.C. § 1334(b) and 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order

of Reference dated September 21, 1984.  However,

> 28 U.S.C. §157(b) is not an independent basis for conferring subject-matter
> jurisdiction to a bankruptcy court. Rather, 28 U.S.C. § 157(b) delineates the
> scope of the bankruptcy court's power to exercise the subject-matter jurisdiction
> granted to the district court under 28 U.S.C. § 1334.

*In re American Home Mortg. Holdings, Inc.*, 390 B.R. 120, 129 (Bankr. D.Del.

2008)(footnotes omitted).  The lack of an independent jurisdictional basis for this Court

weighs in favor of abstention but is of little moment in the current calculus.

### 4.  Whether the proceeding involves non-debtors.

The only non-debtor implicated in this adversary proceeding is the Plaintiff herself,

who initially elected to litigate the issue of non-dischargeability in the bankruptcy forum

rather than seeking relief from stay to submit the issue of non-dischargeability to the State

Court, as she did previously in the case of Mr. Rubenstein.  The Debtor likewise chose to

subject herself to the jurisdiction of the bankruptcy court by filing her bankruptcy petition.

The fact that both parties availed themselves of this Court weighs against abstention. *See In re Blankenship*, 408 B.R. 854, 862 (Bankr. N.D.Ala. 2009) (declining to abstain from hearing dischargeability issue because "[t]here are no parties other than the plaintiff and the defendant [and] therefore . . no considerations respecting possible prejudice to non-debtor parties or involuntarily removed parties.").

### 5.   The degree of relatedness or remoteness to the main bankruptcy case.

The receipt of a discharge is a principle intent of the filing of a petition under Chapter 7 of the Bankruptcy Code. The issue of whether or not a particular debt is dischargeable is therefore closely intertwined with a Debtor's bankruptcy case, despite the concurrent jurisdiction of both the bankruptcy court and the State Court over issues of non-dischargeability.

### 6.   Likelihood that the proceeding was commenced in a particular forum because of forum shopping.

The fact that the Plaintiff is the party who sought to litigate the issue of non-dischargeability in this Court, and now seeks to have that very issue submitted to a different court, suggests a belated attempt at forum-shopping and weighs heavily against the Court exercising its discretion to abstain.[9]

### 7.   Conclusion as Abstention Under 28 U.S.C. §1334(c)

For the foregoing reasons, this Court declines to exercise its discretion under §1334(c)(1) to permissively remand the issue of non-dischargeability of GAL fees to the

---

[9]This Plaintiff's "remand/abstention" strategy may stem from Judge Boland's extensive but non-binding comments on dischargeability of GAL debts in a manner favorable to the Plaintiff, *see* Motion, Exh. B ("Interlocutory Orders on Fees of Attorney for the Minor Child and of the Guardian Ad Litem") at 8-15 (noting, *inter alia*, "[a] review of cases which have considered whether or not a bankruptcy petitioner may discharge a fee awarded to the GAL . . . reveals a general rule that he or she may not"; *id.* at 8).

State Court.

## B.  Remand Under 28 U.S.C. §1452(b)

As an alternate statutory basis for its Motion, the Plaintiff relies upon 28 U.S.C.

§1452, entitled "Removal of claims related to bankruptcy cases," which provides, in

pertinent part:

> (a) A party may remove any claim or cause of action in a civil action . . . to the
> district court for the district where such civil action is pending, if such district
> court has jurisdiction of such claim or cause of action under section 1334
> of this title.
> (b) The court *to which such claim or cause of action is removed* may remand
> such claim or cause of action on any equitable ground . . . .

28 U.S.C. §1452 (2008) (emphasis added).

Subsection (b), which authorizes the district court to remand a matter to the State

Court, presumes in the italicized language above that a claim or cause of action has first

been removed to the district court in subsection (a).  Based upon the record before this

Court, it does not appear that any claim or cause of action has been removed "to the

district court" pursuant to Section 1452(a).  Rather, the Plaintiff initially commenced an

adversary proceeding in this Court to determine whether the GAL fees are non-

dischargeable.  It follows that there exists no "court to which such claim or cause of action

[was] removed" pursuant to Section 1452(b).  Therefore, 28 U.S.C. §1452 provides an

insufficient basis on which this Court may remand the issue of non-dischargeability to the

State Court.  Assuming, *arguendo,* that this Court enjoys discretion to remand the issue

of non-dischargeability to the State Court, for the reasons stated in this Memorandum of

Decision, *see*, *inter alia*, Part IV, A, 1, 2, 4, 5, & 6, *supra*, declines to exercise that

discretion.

## C.  Abstention Under 11 U.S.C. §305

As an alternate basis for abstention, the Plaintiff urges this Court to abstain from hearing the dischargeability issue pursuant to its authority under 11 U.S.C. §305.  Section 305 provides, in pertinent part,

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
>
>> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

11 U.S.C. §305(a)(1) (2008).

Abstention under §305 differs from abstention under 28 U.S.C. §1334(c)(1) in that the former is much broader in scope.  Section 1334(c)(1) permits the Court to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  28 U.S.C. §1334(c)(1); Fed. R. Bankr. P. 5011.  On the other hand, Section 305 broadly permits the Court to "dismiss *a case*" or "suspend *all proceedings* in a case,"  11 U.S.C. §305(a)(1) (emphasis added), which the Plaintiff does not appear to seek in the instant matter.

The statutory relief accorded by 28 U.S.C. §1334(c)(1) and 11 U.S.C. §305 are therefore mutually exclusive.  "If a party wishes the bankruptcy court to abstain from a particular adversary proceeding, section 1334(c) is the proper vehicle; if it seeks suspension of all proceedings within a case, section 305(a) should be invoked."  2 Collier on Bankruptcy ¶ 305.01[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).  The record presently reflects that the Plaintiff seeks not to dismiss the Debtor's entire bankruptcy case or suspend all proceedings therein, but rather to have this Court abstain

13

from or remand the issue of nondischargeability to the State Court.  Section 305 is an

improper vehicle for the relief requested, and provides an insufficient basis for this Court

to abstain from the adversary proceeding.

### D.  Equitable Remand Under 11 U.S.C. §105

Finally, the Plaintiff urges this Court to equitably remand the issue of non-

dischargeability to the State Court pursuant to its authority under Bankruptcy Code Section

105.  That section states, in pertinent part,

> The court may issue any order, process, or judgment that is necessary or
> appropriate *to carry out the provisions of this title*.

11 U.S.C. §105(a) (2008)(emphasis added).

It is well established that the bankruptcy court enjoys broad equitable power under

section 105.  *See*, *United States v. Energy Resources Co.*, 495 U.S. 545, 549, 110 S.Ct.

2139, 2142 (1990).  This equitable power includes the authority to abstain.  *See*, *e.g.*, *In

re Schueller*, 126 B.R. 354, 359 (D. Colo. 1991); *In re Duratech Industries, Inc.*,  241 B.R.

283, 287 (E.D.N.Y. 1999) ("section 105 of the Bankruptcy Code authorizes the court to *sua

sponte* abstain from administering proceedings under Title 11.").  However, this power is

not without limits.

While section 105 appears to give bankruptcy courts the power to abstain from

hearing a matter, the Second Circuit has held that

> [t]he equitable power conferred on the bankruptcy court by section 105(a) is
> the power to exercise equity in carrying out the provisions of the Bankruptcy
> Code, rather than to further the purposes of the Code generally, or otherwise
> to do the right thing.  This language "suggests that an exercise of section

14

105 power be tied to another Bankruptcy Code section and not merely to a general bankruptcy concept or objective."

*In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 92 (2d Cir. 2003) (quoting 2 Collier on Bankruptcy ¶ 105.01[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)).  At least in the context of a motion to abstain pursuant to Section 105, it appears that the Second Circuit, as well as the language of Section 105 itself, require a connection between the relief requested and an additional statutory basis in the Bankruptcy Code.  The Plaintiff has not provided such a basis; therefore, this Court declines to abstain pursuant to its equitable power under §105.

## V.  CONCLUSION AND ORDER

This Court lacks authority to remand under 28 U.S.C. §1452(b) a proceeding that was not first removed to this Court, and lacks authority under 11 U.S.C. §305 to abstain. Furthermore, this Court declines to exercise its discretion pursuant to 28 U.S.C. §1334(c), and its equitable power pursuant to 11 U.S.C. §105(a), from hearing the issue of non-dischargeability of GAL fees under 11 U.S.C. §523(a)(5), an issue of federal bankruptcy law which, distilled to its essence, turns upon a single question of fact: whether a guardian ad litem fee is considered a debt "owed to or recoverable by . . . a child of the debtor" within the meaning of 11 U.S.C. §101(14A)(C), even though that debt may be payable to a third party - a guardian ad litem.

Accordingly, the Plaintiff's *Motion to Remand the Plaintiff's Claim's of Non-Dischargeability Against Debtor Bonnie Rubenstein to State Court*, ECF No. 43, is **DENIED**.

15

**IT IS SO ORDERED**.

Dated: September 20, 2010                                                    BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge