UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 09-22124 (ASD) |
| BONNIE M. RUBENSTEIN, ) | |
| ) | CHAPTER 7 |
| DEBTOR ) | |
| ) | |
| ASSELIN-CONNOLLY, LLC, ) | |
| ) | ADV. PRO. NO. 09-2056 |
| PLAINTIFF ) | |
| v. ) | Re: ECF NO. 76 |
| ) | |
| BONNIE M. RUBENSTEIN, ) | |
| ) | |
| DEFENDANT ) | |

APPEARANCES:

Anthony S. Novak, Esq.                               Counsel for Plaintiff
Chorches & Novak, P.C.
280 Adams Street
Manchester, CT 06042-1975

Paulann H. Sheets, Esq.                              Counsel for Debtor-Defendant
Action Advocacy, P.C.
One Crouch Street
Groton, CT 06340

**MEMORANDUM OF DECISION AND ORDER DENYING DEBTOR-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**,
**NOTICE THAT COURT MAY GRANT SUMMARY JUDGMENT FOR THE PLAINTIFF**
**AND**
**SCHEDULING ORDER PROVIDING OPPORTUNITY FOR DEFENDANT TO RESPOND**

ALBERT S. DABROWSKI, United States Bankruptcy Judge

## I. INTRODUCTION

Asselin-Connolly, LLC (hereinafter, the "Plaintiff[1]") seeks, in the captioned adversary proceeding, a judgment that its claim for guardian ad litem fees is nondischargeable under Bankruptcy Code §523(a)(5) as a debt "for a domestic support obligation." The matter presently before the Court is the *Defendant's Motion for Summary Judgment,* ECF No. 76, filed by Bonnie M. Rubenstein (hereinafter, the "Debtor", or "Defendant"), the Debtor in a Chapter 7 bankruptcy case commenced on July 29, 2009.

For the reasons discussed hereinafter, the Defendant's Motion for Summary Judgment shall be denied. Moreover, because there appears to be no genuine dispute as to any material fact at issue in this adversary proceeding, and because it is the nonmovant and responding Plaintiff that is entitled to judgment as a matter of law, the Court, pursuant to Fed. R. Civ. P. 56(f)(1), and subject to the notice and opportunity to respond set forth hereinafter at page 7, will grant summary judgment in favor of the Plaintiff.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant matter by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(I).

---

[1] The Court will use the term "Plaintiff" to refer to Susan Asselin-Connelly as well as to Asselin-Connolly, LLC.

### III. DISCUSSION

Fed. R. Civ. P. 56(a), applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056, provides, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56 further provides that, "[a]fter giving notice and a reasonable time to respond, the court may [ ] grant summary judgment for a nonmovant." Fed. R. Civ. P. 56(f)(1).

> The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact. Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action.". . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986).

The undisputed facts attending this proceeding include the fact that in September 1997, the Plaintiff was appointed by the Superior Court for the State of Connecticut as guardian ad litem for the Debtor's son in connection with the Debtor's divorce and custody proceedings; and that the Debtor is obligated under the terms of an order in such proceedings to pay the Plaintiff the guardian ad litem fees at issue in this proceeding (hereinafter, the "GAL Fee").

Bankruptcy Code §523(a)(5), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter, "BAPCPA"), provides an exception to

discharge for "any debt . . . for a domestic support obligation." The term "domestic support obligation" (hereinafter, "DSO") is defined in §101(14A). The parties do not dispute that the GAL Fees meet three of the four criteria, those set forth in §101(14A),(B), (C), and (D), for a DSO. The sole issue presented is whether the GAL Fee, which is payable directly to the Plaintiff, satisfies §101(14A)(A)'s criteria that such debt be:

(A) owed to or recoverable by –

(i) a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit; . . .

The Debtor acknowledges that the majority of courts, including the Second Circuit Court of Appeals, have long held that a debtor's court-ordered obligation to pay attorney's fees incurred for representation of an ex-spouse or child of the debtor in a divorce and/or custody proceeding is nondischargeable under the pre-BAPCPA language of §523(a)(5). However, the Debtor argues that the debt is dischargeable - that it is not within BAPCPA's definition of a domestic support obligation - "because the debt is not owed to or recoverable by any of the creditors listed in §101(l4A)." *Amended Corrected Memorandum of Law in Support of Defendant's Motion for Summary Judgment* ("Def.'s Mem."), ECF No. 88 at 3.

Prior to BAPCPA, §523(a)(5) provided, in relevant part, for the nondischargeability of a debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with . . . a divorce decree." 11 U.S.C. §523 (2004). The Second Circuit held, in *In re Spong*, 661 F.2d 6 (2d Cir.1981), that a debtor's obligation, under the terms of a divorce decree, to pay the attorney's fees of his

4

former spouse was nondischargeable under §523(a)(5) notwithstanding that such fees were payable directly to the attorney and not to the former spouse. The Second Circuit subsequently expanded the holding of *Spong* to encompass a similar obligation to pay - directly to the guardian ad litem - the fees for representing the debtor's child in the debtor's divorce proceedings. *In re Peters*, 964 F.2d 166 (2d Cir. 1992).

> The fact that the debt is payable to a third party does not prevent classification of that debt as being owed to [the debtor's] child. Our case law clearly establishes that debts in the nature of support need not be payable directly to one of the parties listed in §523(a)(5) in order to be nondischargeable. *See Spong,* 661 F.2d at 10-11; *In re Peters,* 124 B.R. 433, 435 (Bankr.S.D.N.Y.1991) (citing cases).

*In re Maddigan*, 312 F.3d 589, 593 (2d Cir. 2002).

The Debtor's position is that the "faulty reasoning," Def.'s Mem., ECF No. 88 at 6, of the Second Circuit in *Spong* and its progeny have been somehow superseded by BAPCPA; she argues that the Plaintiff is not the child's "legal guardian," and that the GAL Fee is not recoverable from the child under applicable nonbankruptcy law. Such arguments are unavailing. Rather than reducing the scope of the §523(a)(5) exception to discharge, BAPCPA expanded it to encompass family situations that did not fit neatly into the earlier language; none of the terms at issue in *Spong*, *Peters*, or *Maddigan* were eliminated under BAPCPA and nothing in either the language or the legislative history of BAPCPA indicates any intent to displace the long-established case law.

This Court joins other bankruptcy courts in this Circuit in concluding that *Spong* and its progeny remain just as applicable after BAPCPA as they were before it. *See, e.g. In re Rogowski*, 462 B.R. 435 (Bankr. E.D.N.Y. 2011); *In re Tarone*, 434 B.R. 41 (Bankr. E.D.N.Y. 2010); *In re Golio*, 393 B.R. 56 (Bankr. E.D.N.Y. 2008); *In re Schenkein*, 2010 WL 3219464 (Bankr. S.D.N.Y. 2010).

>   As noted above, the current definition of a DSO under § 101(14A) includes a debt "in the nature of alimony, maintenance, or support," which is "owed to or recoverable by" a "spouse, former spouse, or child of the debtor." The same language regarding the payee—"spouse, former spouse, or child of the debtor" – appeared in the pre-BAPCPA version of § 523(a)(5). It is a fundamental principal of statutory construction that the same words used in different sections of the same statute are to be given the same meaning and effect. *United Sav. Assoc. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 371; 108 S.Ct. 626, 98 L.Ed.2d 740 (1988); *Sorenson v. Sec. of Treasury*, 475 U.S. 851, 860, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986); *but see Dewsnup v. Timm*, 502 U.S. 410, 415–17, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). While Congress did substantially restructure portions of the Bankruptcy Code in the 2005 BAPCPA amendments related to domestic relations debts, it did not narrow the wording from prior § 523(a)(5) "for alimony to, maintenance for, or support" in establishing a definition of "domestic support obligation" in § 101(14A); in fact, Congress expanded the concept from "for alimony, maintenance, or support" to "in the nature of alimony, maintenance, or support." Further, Congress did not express an intention to overrule the construction given to the pre-BAPCPA version of § 523(a)(5) by three circuit courts of appeals that minimized the importance of the named payee.
>   This Court concludes that the Second Circuit would apply the current § 523(a)(5) in the same manner as it did in *Spong*, would attach no preclusiveness to the named payee in the divorce decree, and would require that the substance of the award should prevail, not its form. Thus, in following pre-BAPCPA *Spong* and post-BAPCPA *Tarone*, *Golio*, and *Schenkein*, this Court concludes that it should overrule Debtor's objection to the Schonfeld Claim based upon the claim being payable to Schonfeld rather than directly to the Debtor's former spouse.

*In re Rogowski*, 462 B.R. 435, 444 (Bankr. E.D.N.Y. 2011) (footnote omitted).

### IV. CONCLUSION, ORDER AND NOTICE

It appears that there is no dispute as to any material fact in this proceeding. And, it further appears that it is the Plaintiff, not the Defendant, who is entitled to judgment as a matter of law, in accordance with which:

**IT IS HEREBY ORDERED** the Defendant's Motion for Summary Judgment, ECF No. 76, is **DENIED,** and

6

**NOTICE IS HEREBY GIVEN** pursuant to Fed. R. Civ. P. 56(f)(1) that unless the Defendant files with the Court and serves upon the Plaintiff on or before <u>Tuesday, March 27, 2012</u>, a pleading responsive to the Court's determination that the Plaintiff is entitled to summary judgment as a matter of law (hereinafter, the "Defendant's Response"), summary judgment in favor of the Plaintiff – that the GAL Fee is nondischargeable under §523(a)(5) as a domestic support obligation – may enter without further notice or a hearing, and

**IT IS FURTHER ORDERED** that the Defendant's Response, if filed, shall include:

(A) an acknowledgment that there is no dispute as to any material fact in this proceeding, or, alternatively, a list of each material fact to which it is contended there is a genuine issue to be tried, *see, e.g.*, D. Conn. L. Civ. R. 56(a)(2), and/or

(B) a memorandum of law, and/or a statement otherwise showing cause, as to why summary judgment should not enter in favor of the Plaintiff in this proceeding, and

**IT IS FURTHER ORDERED** in the event the Defendant timely files a Defendant's Response, the Plaintiff shall file with the Court and serve upon the Defendant on or before <u>Tuesday, April 10, 2012</u>, a reply thereto, following which the matter will be ripe for resolution by the Court.

Dated: March 9, 2012                                                            BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge

7